# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:18-CV-1480-C (BT) |
| § | |
| UNITED STATES DEPARTMENT § | |
| OF TRANSPORTATION, § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions. and recommendation of the Magistrate Judge follow:

### I.

Plaintiff is a resident of Illinois and filed this complaint for violation of his civil rights. He claims the "Illinois Governor's office and agencies under the jurisdiction of the Illinois Governor" retaliated against him for filing a civil rights complaint with the Illinois Department of Transportation and an ethics complaint with the Office of Executive Inspector General. Plaintiff claims Defendant United States Department of Transportation is liable because the Illinois Department of Transportation is a recipient of federal

funds, and because the United States Department of Transportation failed to investigate his claims. The Court has not issued process pending judicial screening.

## II.

The Court finds the complaint should be dismissed as duplicative. Plaintiff filed the same complaint against the same Defendant in the Fort Worth Division of United States District Court for the Northern District of Texas. *See Grant v. United States Dept. of Transportation*, No. 4:18-cv-470-O (N.D. Tex.). That case is currently pending. This complaint should therefore be dismissed.

## III.

The Court recommends that the complaint be dismissed as duplicative.

Signed September 6, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).